Filed 3/29/22  Valerie S. v. Kimberly P. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| VALERIE S.,<br>  Plaintiff and Respondent,<br>v.<br>KIMBERLY P.,<br>  Defendant and Appellant. | A162327<br><br>(Alameda County<br>Super. Ct. No. HF20049553) |

Kimberly P. challenges the renewal of a domestic violence restraining order (DVRO) against her and in favor of her sister, Valerie S.  Because Kimberly has failed to demonstrate the trial court abused its discretion or that the order is not supported by substantial evidence, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *The Original DVRO*

In December 2019, Valerie S. was living with and caring for her mother, Jacqueline, in Oakland.[1]  Valerie had recently obtained a court order allowing her to change the locks and regain possession of her home.  Valerie's brother, V.P., and her sister, Kimberly P., were at her home, denying Valerie

---

[1] We refer to the parties to this proceeding by their first names to protect the identities of the litigants in this domestic violence proceeding. (Cal. Rules of Court, rule 8.90(b)(1), (10), (11).)

and her uncle, J.G., access to the house. The police were called, and they ordered Kimberly to leave. Kimberly stopped and threatened Valerie from her car as Valerie was talking to a neighbor across the street.

The following month, Valerie filed a request for a DVRO against Kimberly.[2] The basis for the order was Kimberly's interference with Valerie's access to her home on December 28, 2019, threats she made that evening, and other incidents of abuse, harassment, and intimidation against Valerie and her family members during 2018 and 2019.

The trial court issued a temporary restraining order (TRO) against Kimberly, restraining her from harassing or contacting Valerie until the hearing on the DVRO. The TRO also protected Jacqueline, J.G., and Valerie's daughter. Kimberly filed a response to the DVRO petition.

On January 14, 2020, the trial court held a hearing. Kimberly, Valerie, and J.G. all testified. At the conclusion of the hearing, the court found that Valerie met her burden of proof and entered a one-year DVRO. Among other things, the DVRO required Kimberly to refrain from contacting Valerie by any means, and required her to stay at least 100 yards away from Valerie, her home, her car, and her place of work. Kimberly did not appeal the restraining order.

## B. The Renewed DVRO

On January 4, 2021, Valerie filed a request to renew the DVRO permanently. The basis for the renewal request was Kimberly's violation of the restraining order, and Valerie's fear of continued abuse if the restraining order was allowed to terminate.

In her petition, Valerie averred that the day after the trial court had issued the one-year DVRO, Kimberly arrived at Valerie's gym and entered

---

[2] Valerie and Kimberly are sisters by blood relation.

the swimming pool while Valerie was exercising. Valerie left the pool and departed the gym when she saw Kimberly.

On February 8, 2020, Kimberly sent Valerie a text that read, " 'Contempt charges.' " That same day, Kimberly again arrived at Valerie's gym, pointed at her, and said something Valerie could not hear since she was exercising in the pool. A few weeks later, Kimberly again got in the pool at the gym while Valerie was in the pool. Toward the end of Valerie's exercise class, Kimberly started to come towards her, so Valerie got out of the pool and went to the locker room to get her belongings.

A few months later, Valerie received two other texts from Kimberly which accused her of " 'financial abuse of a senior at the highest level' " and asked her if she wanted to go back to court. Valerie attached copies of the texts to her petition.

Valerie's petition stated she was afraid Kimberly would abuse her in the future because of "her past violent and intimidating behavior." Kimberly was arrested in August 2019 for hitting Valerie's daughter in the presence of police officers. Valerie had also called the police in November 2018, when Kimberly tried to enter her mother's house to physically hurt Valerie. Valerie also stated that Kimberly went to her mother's skilled nursing facility and "upset my mother and my mother almost fell," and that Kimberly calls her mother on the phone unexpectedly, upsets her, and tells her that Kimberly is coming to get her.

Before the hearing, Kimberly filed her response to Valerie's renewal request. Kimberly denied that she had gone to Valerie's gym, denied she had sent Valerie text messages, and denied hitting Valerie's daughter. Kimberly further stated that Valerie was taking advantage of their mother's dementia, taking advantage of her financially, and trying to keep Kimberly and her

3

brother away from their mother.  Kimberly filed additional declarations on January 28 and March 11, stating, among other things, that Valerie had threatened Kimberly on the phone, that she "never see[s] Valerie or her kids," and that Valerie was "not caring for our Mother" but "using her."

On March 15, 2021, the trial court held a hearing on Valerie's request to renew the DVRO.  Both Kimberly and Valerie appeared and testified.  At the conclusion of the hearing, the court found that Valerie had met her burden of proof and granted her request for a renewal of the DVRO for five years.

Kimberly timely appealed.

## II.  DISCUSSION

The Domestic Violence Prevention Act (Fam. Code,[3] § 6200 et seq.) "permits the trial court to issue a protective order 'to restrain any person for the purpose' of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved; the petitioner must present 'reasonable proof of a past act or acts of abuse.' " (*Rodriguez v. Menjivar* (2015) 243 Cal.App.4th 816, 820, quoting § 6300.)  Section 6345 governs renewal of a DVRO, and allows for renewal of a DVRO either for five years or permanently in the discretion of the trial court.  (§ 6345, subd. (a).)  To obtain a renewal, a protected party need not establish that there has been "further abuse since the issuance of the original order." (*Ibid.* )  Rather, the party must demonstrate, by a preponderance of the evidence, that he or she has a " 'reasonable apprehension' of future abuse." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290 (*Ritchie*).)

We review an order on a request to renew a DVRO for abuse of discretion. (*Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463; *Lister v.*

---

[3] All statutory references are to the Family Code.

4

*Bowen* (2013) 215 Cal.App.4th 319, 333 (*Lister*).) Such an abuse of discretion occurs only when the ruling exceeds the bounds of reason. (*Eneaji*, at p. 1463.) "When applying the deferential abuse of discretion standard, 'the trial court's findings of fact are reviewed for substantial evidence, . . . and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*In re C.B.* (2010) 190 Cal.App.4th 102, 123.) " ' "When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*Lister*, at p. 333.)

In assessing the risk of future abuse, the trial court "ordinarily should consider the evidence and findings on which [the] initial order was based." (*Ritchie*, *supra*, 115 Cal.App.4th at p. 1290.) "[T]he existence of the initial order certainly is relevant and the underlying findings and facts supporting that order often will be enough in themselves to provide the necessary proof" that the party has a " 'reasonable apprehension' " of future abuse. (*Id.* at p. 1291.) In addition, the trial court should consider any significant changes in the circumstances such as whether the parties have moved on with their lives or whether the circumstances have enhanced the opportunity and possibility of future abuse. (*Ibid.*) However, as noted above, the party seeking a renewal of the protective order need not show any further abuse occurred after the issuance of the original protective order. (*Id.* at p. 1284.)

As an initial matter, we must reject Kimberly's claims that the trial court erred in granting the renewal of the DVRO for procedural reasons. First, we note that most of her arguments are unsupported by citations to the record, and none are supported by citations to legal authority. Accordingly,

5

her claims of error are forfeited on appeal.[4] (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].)

Second, we must reject Kimberly's challenge to the trial court's order because we do not have a transcript of the hearing at which the trial court received her evidence and made its findings. "It is . . . a fundamental rule of appellate review that an appealed judgment or order is presumed correct. [Citation.] ' "All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. . . ." [Citations.]' [Citation.] To overcome this presumption, the appellant must provide an adequate appellate record demonstrating error. [Citation.] . . . Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm." (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 643–644.)

When she filed her opening brief in this appeal, Kimberly had elected to proceed without a reporter's transcript of the hearing.[5] The trial court's

---

[4] Kimberly also fails to provide a summary of all relevant evidence supporting the renewal of the DVRO, and focuses exclusively on evidence favorable to her position. For this additional reason, we may deem her challenge forfeited. (See, e.g., *Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 512–514 [appellant challenging sufficiency of evidence must cite and discuss *all* evidence supporting the judgment].)

[5] We acknowledge that Kimberly filed a motion to augment the record to include the reporter's transcript of the March 15 hearing, two weeks after she had already filed her opening brief on appeal. Because Kimberly failed to show good cause for the delay in seeking to augment the record, we denied her motion.

minute order indicates Valerie and Kimberly were both sworn and testified at the hearing on the petition for renewal of the DVRO. The trial court presumably listened to their testimony and entered orders it deemed appropriate based on its findings. Without a record of the testimony received at the hearing, we must presume the evidence supported the trial court's findings.

In any event, even considering Kimberly's contentions as best as we are able, we conclude they lack merit. While the substance of her claims is not entirely clear, it appears Kimberly challenges the sufficiency of the evidence supporting renewal of the DVRO and contends the trial court erred in crediting Valerie's evidence and testimony over her own.

Regarding the sufficiency of the evidence, as noted above, we must assume Valerie testified to facts supporting the issuance of the order and the trial court found her credible. In addition, Valerie's renewal request stated that Kimberly had violated the prior restraining order by appearing at Valerie's gym several times while Valerie was attending exercise classes and by sending texts to her phone on several occasions. (See, e.g.., *Lister*, *supra*, 215 Cal.App.4th at p. 335 ["any violation of a restraining order is very serious, and gives very significant support for renewal of a restraining order"].) The renewal request also described prior acts of violence and intimidation on which the original restraining order was based, including an incident in which Kimberly hit Valerie's daughter in the presence of police officers and another incident in which Kimberly attempted to enter her mother's house to hurt Valerie. Valerie was "afraid [Kimberly] will abuse me in the future because of her past violent and intimidating behavior." Considering the totality of these circumstances, the evidence supports the trial court's implicit finding that Valerie had a reasonable apprehension of

7

future abuse, which warranted the court's judgment renewing the restraining order. (See *Ritchie*, *supra*, 115 Cal.App.4th at p. 1290.)

Kimberly also appears to argue that the trial court erred in not believing her evidence or in crediting Valerie's testimony and evidence over her own. While these points may have been appropriate argument in the trial court, arguing them on appeal suggests that Kimberly misunderstands our standard of review. It is not our role to reweigh the evidence or make findings regarding credibility. Those functions are within the exclusive province of the trier of fact, the trial judge in this case. (*Hasson v. Ford Motor Co.* (1977) 19 Cal.3d 530, 544 [appellate court does not "reweigh the evidence on appeal, but rather determine[s] whether . . . there is substantial evidence to support the judgment"], overruled on other grounds in *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574; *Ashby v. Ashby*, *supra*, 68 Cal.App.5th at pp. 517–518 [appellate court is required to defer to trial court's credibility determinations].) We therefore reject Kimberly's argument that the trial court abused its discretion by failing to credit her version of events.

We recognize Kimberly is representing herself on appeal. "Under the law, a party may choose to act as his or her own attorney" but " '[s]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th at pp. 1246–1247.) Because she has failed to demonstrate error, the trial court's order must be affirmed.

### III. DISPOSITION

The trial court's renewed restraining order entered March 15, 2021 against Kimberly P. is affirmed. Valerie S. is to recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

EAST, J.*

A162327
*Valerie S. v. Kimberly P.*

---

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.